UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN THE MATTER OF HAGAN AND MILEY,
INC. FOR EXONERATION FROM OR
LIMITATION OF LIABILITY AS OWNER OF
THE F/V DONNA LEE, OFFICIAL NO.:
600352

                                            Case No. 2:03-cv-665-FtM-29DNF

_____/

**OPINION AND ORDER**

This matter comes before the Court on Hagan and Miley, Inc's ("Hagan and Miley") Motion for Involuntary Dismissal of Lynn Brockman's Claim (Doc. #43-1), filed on July 22, 2005. Lynn Brockman's Response (Doc. #44) was filed on August 8, 2005. With leave of Court (Doc. #50), Hagan and Miley, Inc. filed a Reply (Doc. #51) on September 7, 2005.

The Complaint (Doc. #1) in this case seeks exoneration from or limitation of liability for an accident on board the F/V Donna Lee. On June 22, 2002, the F/V Donna Lee was docked in Fort Myers Beach, Florida. Ms. Lynn Brockman alleges that on that date she sustained injuries and lost her fetus when she fell aboard the F/V Donna Lee. Hagan and Miley seek involuntary dismissal under Fed. R. Civ. P. 41(b) for fraud upon this Court and misconduct by Ms. Brockman. Records submitted by Hagan and Miley appear to demonstrate significant misconduct. In allegations which are factually undisputed by her response, it is asserted that Ms. Brockman

asserted she was pregnant at the time of the accident after she knew she had not been pregnant, and twice attempted to bribe a witness to corroborate her version of events. Important portions of deposition testimony appear to have been objectively false, including testimony about Ms Brockman's medical history, work history, drug usage, and criminal history.

"Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." Goforth v. Evans, 766 F.2d 1533, 1535 (11th Cir. 1985). Evidence sufficient to support dismissal with prejudice as a sanction must show more than mere negligence. Gormley v. Nix, 2005 WL 2090282 (11th Cir. 2005). "This circuit has clearly stated that because dismissal is considered a drastic sanction, a district court may only implement it, as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." World Thrust Films, Inc. v. Int'l Family Entm't, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995).

In this case, Ms. Brockman certainly comes close to satisfying this standard. The Court concludes, however, that a less severe sanction than dismissal is available. Fed. R. Civ. P. 11 authorizes the imposition of monetary sanctions upon plaintiff and her attorney under appropriate circumstances. The Court will deny the motion to dismiss, but grant leave for Hagan and Miley to file

a motion for Rule 11 sanctions at the conclusion of the case if the case does not resolve itself short of trial.

Accordingly, it is now

**ORDERED**:

Hagan and Miley, Inc's Motion for Involuntary Dismissal of Lynn Brockman's Claim(Doc. #43-1) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of November, 2005.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record